**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

**LOUIS L. PLOTKIN, ET AL.**                                    **CIVIL ACTION**

**VERSUS**                                                      **NO. 12-1077**

**THE NORTH RIVER INSURANCE COMPANY**                           **SECTION "A" (3)**

**ORDER**

On May 23, 2012, the Motion to Quash Subpoenas [Doc. #1] and the Motion for Protective Order [Doc. #3] came on for oral hearing before the undersigned. Present were Richard Stanley and William Ross on behalf of plaintiffs and Douglas Kleeman and William Murray on behalf of defendant. After the oral hearing, the Court took the motions under advisement and ordered supplemental briefing. The parties then filed supplemental briefs. Having reviewed the motions, the opposition, the case law and the parties' arguments, the Court rules as follows.

**I.      Background**

The motions allege as follows. For decades, the attorneys at movants' law firm, Plotkin & Vincent, L.L.C. ("P&V") have represented personal injury claimants against Mine Safety Appliance Company ("MSA"). The represented plaintiffs had developed lung disease due to the leakage of asbestos, silica and coal mine dust through respirators manufactured by MSA.

In 2009, MSA sued respondent North River Insurance Company ("North River") in federal

court in Pennsylvania seeking coverage under an umbrella insurance policy for the claims that P&V brought against MSA throughout the years. As part of that lawsuit, North River propounded a broad subpoena on P&V in which North River seeks documents and deposition testimony relative to topics relating to P&V's representations adverse to MSA.

Movants note that this is the second time that North River seeks discovery from them. The Court dismissed as moot an earlier motion to quash and for protective order after the parties informed it that they had reached an agreement.

## II.    The Parties' Contentions

### A.    Movants

Movants argue that respondent is bound by its earlier representation to this Court that the parties had resolved the dispute over the subpoenas, and movants had responded to the subpoenas to the satisfaction of respondent. Movants contend that they would not have consented to the cancellation of the first hearing if they had known that respondent would re-propound subpoenas on them. They argue that they should not have incurred the financial cost of twice moving to quash the subpoenas. In a footnote, movants contend that the doctrine of equitable estoppel precludes respondent from deviating from its earlier position.

Movants also maintain that the subpoenas seek privileged information developed over three decades. Because there is no temporal limitation in the subpoena, they contend that the subpoenas are overbroad and unduly burdensome. Movants assert that respondent may not discover communications involved in the rendition of legal services, their mental theories and impressions and their strategies in their litigation against MSA. Movants argue that all unprivileged, non-confidential information has been turned over to respondent so any further discovery is cumulative

and duplicative of information already in its possession.

Movants also complain that respondent has failed to comply with Louisiana Code of Evidence article 508. Movants contend that the Louisiana law of privilege applies here because the underlying action between respondent and MSA is grounded in diversity. Movants argue that Article 508 does not allow the issuance of a subpoena until, after a hearing, a court determines that the information sought is not protected by disclosure and satisfies four other factors.

Movants maintain that respondent can not meet the requirements of Article 508. First, they argue that the information is peripheral, cumulative and speculative rather than essential to respondent's lawsuit. Second, they can not divine respondent's purposes other than to burden them. Third, respondent failed to include a list of proposed deposition topics. And fourth, there are other means by which respondent can obtain the information, namely from its insured, MSA.

Lastly, movants seek their costs incurred under Federal Rule of Civil Procedure 45.

**B.      Respondent**

Respondent seeks to depose movants as to what happened at meetings between them and counsel for MSA, when witnesses and experts were in attendance, the nature of off-the-record expert exchanges, and their recollection of the nature of the settlement process. Respondent also argues that movants *appear* to have had a standing agreement with MSA that, in cases in which they were involved, their clients would not produce to MSA any of the documents that demonstrated MSA's liability.

Respondent contends that it seeks no privileged information regarding movants' clients but only testimony regarding their relationship with MSA and its lawyers. Respondent argues that MSA has a standing agreement with movants not to produce liability documentation. Respondent

contends that numerous e-mails reflect that movants and national coordinating counsel for MSA, Karen Maston, declined to put evidence on the record or document evidence in meetings with experts and witnesses that was detrimental to MSA's coverage dispute in the underlying action.

Respondent argues that the earlier compromise concerned only a subpoena to produce documents and does not prohibit either movant from testifying. Respondent also contends that movants can not demonstrate an undue burden because the subpoenas require no more than appearing at a deposition to testify. Respondent notes that earlier responses to discovery reflect that movants keep all documents relating to MSA in one general file, and thus a review of that file is not unduly burdensome. Respondent also maintains that the discovery is not cumulative. It notes that it has already questioned Maston as to the agreement between MSA and movants, and it is entitled to question movants as to the agreement.

Respondent asserts that Article 508 does not apply here because the state law under which the underlying lawsuit arises is Pennsylvania law. Respondent distinguishes the two cases on which movants rely as lawsuits in which the claims arose under Louisiana law and filed in this Court. (In the event that the Court applies Article 508, respondent outlines why it can satisfy all four elements.)

Arguing that Pennsylvania law applies, respondent contends that the questions that it will ask movants will not require the production of privileged information. Respondent notes that the mere possibility that a question will involve privileged information has never been an excuse not to appear and testify. Respondent maintains that should such a question arise, counsel is free to object. Respondent also asserts that movants make only a blanket assertion of privilege and fail to identify specifics potential questions that may involve a privilege.

## C.    Movants' reply

Movants contend that respondent can not cite a single case in which the deposition of an attorney has been allowed under similar factual circumstances.  Movants note that respondent has asked them to be bound by the protective order in place in federal court in Pennsylvania, but they declined to do so because it would inhibit the representation of their clients in other lawsuits.  MSA also asked movants not to review the exhibits attached to respondent's opposition here because the documents are covered by the protective order.

Pointing to the facts contained in respondent's opposition, movants argue that respondent already has the information that it seeks.  They also point to the earlier subpoena's deposition topics and note how broad they are, covering virtually every aspect of movants' representation of their clients.

Citing *Pillsbury Winthrop Shaw Pitman LLP v. Brown Sims, P.C.*, Civ. A. No. 4:09-mc-365, 2010 WL 56045 (S.D. Tex. Jan. 6, 2010), movants argue that under the choice-of-law rules, Louisiana law – and thus Article 508 – applies here.  Movants argue that Louisiana law has a strong interest in this miscellaneous matter because they are licensed to practice law in Louisiana, base their firm here, are subject to the Louisiana Professional Rules of Conduct,  and are resisting efforts in this Louisiana action to be deposed in Louisiana concerning client information and documents maintained in Louisiana.

Movants contend that because Article 508 imposes the burden on respondent to demonstrate that it satisfies all four factors, respondent can not do so.  Movants note that respondent contends that the information is not cumulative even though it has obtained the information from other sources and seek only "additional" information from movants.  Respondent has not identified a

single piece of information that is known only to movants. Movants maintain that if that information is known only to movants, then the information is obviously privileged and non-discoverable.

## III.    Law and Analysis

Rule 45 governs the issuance of subpoenas, and provides that, on timely motion, the issuing court must quash or modify a subpoena if it requires disclosure of privileged or other protected matter or otherwise subjects the subpoenaed person to undue burden. Fed. R. Civ. P. 45(c)(3). In addition, the decision to enter a protective order is within the Court's discretion. *Thomas v. Int'l Bus. Mach.*, 48 F.3d 478, 482 (10th Cir. 1995).

Rule 26(c) governs the issuance of protective orders. It provides in pertinent part:

> Upon motion by a party or by the person from whom discovery is sought ... and for good cause shown, the court in which the action is pending ... may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense.... If the motion for a protective order is denied in whole or in part, the court, may, on such terms and conditions as are just, order that any party or other person provide or permit discovery.

Fed. R. Civ. P. 26(c). Moreover, Rule 26(c) contains a requirement that good cause be shown to support the issuance of a protective order, providing that "the burden is upon the movant to show the necessity of its issuance, which contemplates a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements." *In re Terra Int'l, Inc.*, 134 F.3d 302, 306 (5th Cir. 1998).

The Court must first determine whether Louisiana or Pennsylvania law applies here. With regard to this determination, the Court finds *Pillsbury* instructive. Under *Pillsbury*,

> When the laws of two or more states may apply, the court must first determine whether those states' laws conflict with regard to the relevant issues. *See Schneider Nat'l Transp. v. Ford Motor Co.*, 280 F.3d 532, 536 (5th Cir. 2002). If the laws conflict, the court turns to the choice-of-law principles of the forum state. *See Cantu v. Jackson Nat. Life Ins. Co.*, 579 F.3d 434, 437 (5th Cir. 2009). However, if the

relevant doctrines do not conflict, the court need not undertake a choice-of-law analysis. *See Kimberly-Clark Corp. v. Factory Mut. Ins. Co.*, 566 F.3d 541, 546 n.6 (5th Cir. 2009) (citing *Railroad Mgmt. Co., L.L.C. v. CFS La. Midstream Co.*, 428 F.3d 214, 222 (5th Cir. 2005) ("Where there are no differences between the relevant substantive laws of the respective states, there is no conflict, and a court need not undertake a choice of law analysis.")). The law of the forum state then governs the action. *See Schneider Nat'l Transp.*, 280 F.3d at 536.

2010 WL 56045, at *3.

As the parties conceded at oral argument, Pennsylvania has no provision similar to Louisiana's Article 508. Thus, the laws of Louisiana and Pennsylvania conflict. *See Simon v. United States*, 341 F.3d 193, 200-02 (3rd Cir. 2003) (holding that conflict of laws exists when one state does not recognize a law applied in another state). The Court thus turns to the choice-of-law principles of the forum state – here, Louisiana. *McGee v. Arkel Int'l, L.L.C.*, 671 F.3d 539, 542 (5th Cir. 2012); *Cantu*, 579 F.3d at 437.

Louisiana Civil Code article 3515 provides the general and residual rule for determining the law applicable to a dispute:

> Except as otherwise provided in this Book, an issue in a case having contacts with other states is governed by the law of the state whose policies would be most seriously impaired if its law were not applied to that issue.
> That state is determined by evaluating the strength and pertinence of the relevant policies of all involved states in the light of: (1) the relationship of each state to the parties and the dispute; and (2) the policies and needs of the interstate and international systems, including the policies of upholding the justified expectations of parties and of minimizing the adverse consequences that might follow from subjecting a party to the law of more than one state.

La. Civ. Code art. 3515. Following the principles enunciated by this article, the Court finds that the policies of Louisiana would be most seriously impaired if its law were not applied to the factual circumstances of this dispute.

While the Court recognizes that the underlying dispute arises under Pennsylvania law,

Pennsylvania has no relationship to the discrete dispute here. As noted by movants, Louisiana law has a strong interest in this miscellaneous matter because they are licensed to practice law in Louisiana, base their firm here, are subject to the Louisiana Professional Rules of Conduct, and are resisting efforts in this Louisiana action to be deposed in Louisiana concerning client information and documents maintained in Louisiana. Indeed, were the Court to order the depositions, they would occur in Louisiana, and the parties would be subject to Louisiana law during the deposition. Respondent has pointed the Court to no policy of Pennsylvania – and this Court has found none – that would be seriously impaired were Louisiana law applied to this discovery dispute. Accordingly, the Court finds that Louisiana law applies to this miscellaneous matter, and Article 508 thus controls.

Louisiana Code of Evidence article 508 provides:

Neither a subpoena nor a court order shall be issued to a lawyer or his representative to appear or testify in any civil or juvenile proceeding, including pretrial discovery, or in an administrative investigation or hearing, where the purpose of the subpoena or order is to ask the lawyer or his representative to reveal information about a client or former client obtained in the course of representing the client unless, after a contradictory hearing, it has been determined that the information sought is not protected from disclosure by any applicable privilege or work product rule; and all of the following:
(1) The information sought is essential to the successful completion of an ongoing investigation, is essential to the case of the party seeking the information, and is not merely peripheral, cumulative, or speculative.
(2) The purpose of seeking the information is not to harass the attorney or his client.
(3) With respect to a subpoena, the subpoena lists the information sought with particularity, is reasonably limited as to subject matter and period of time, and gives timely notice.
(4) There is no practicable alternative means of obtaining the information.

La. Code Evid. art. 508(A)(1)-(4).

Having reviewed the deposition topics in the supplemental memorandum filed by respondent, the Court finds that respondent can not satisfy sections one and four of Article 508. The information

that respondent seeks is cumulative because it already has the information from other sources, and thus there is a practicable alternative means of obtaining the information. Indeed, every single one of the deposition topics listed by respondent involves a conversation, communication, agreement or meeting with a third party, a third party to whom respondent has access in the underlying Pennsylvania litigation. As noted above, respondent has already deposed national coordinating counsel for MSA, Karen Maston, with regard to the topics on which it seeks to depose movants. Respondent has cited the Court to no law – and this Court has found none – to support the proposition that a party is entitled to depose five individuals if five individuals attended the same meeting, *especially under the limited factual circumstances of this dispute, i.e., the deposition of an attorney opposed to plaintiff in the underlying litigation*.

Moreover, given the broad deposition topics listed in the supplemental memorandum – especially those that address settlements – the Court can not say that the topics will not elicit privileged matters between movants and their clients. *See, e.g., Keybank Nat'l Ass'n v. Perkins Row Assocs., L.L.C.*, Civ. A. No. 09-497, 2010 WL 1252328, *3 (M.D. La. Mar. 24, 2010) (denying motion to compel after finding that "Article 508 requires a contradictory hearing and a determination that the information sought is not protected from disclosure by any applicable privilege or work product rule. The article also has other requirements which the defendants have not met, including that the information is not merely cumulative and there is no practicable alternative means of obtaining the information."). The Court thus finds that movants have demonstrated good cause for a protective order.

## IV. Conclusion

Accordingly, and for the foregoing reasons,

**IT IS ORDERED** that the Motion to Quash Subpoenas [Doc. #1] and the Motion for

Protective Order [Doc. #3] are GRANTED.

New Orleans, Louisiana, this 11th day of June, 2012.

**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**